UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL DUCHENE,             )<br>          Plaintiff,           )<br>                                      )<br>-v-                                  )<br>                                      )<br>ONSTAR, LLC,                )<br>          Defendant.         )<br>_____) | No. 1:15-cv-935<br><br>HONORABLE PAUL L. MALONEY |

## ORDER GRANTING MOTION TO REOPEN CASE AND GRANTING MOTION TO TRANSFER VENUE

Plaintiff Daniel Duchene filed this lawsuit in the Western District of Michigan on September 14, 2015. The next day, he filed a notice of voluntary dismissal. (ECF No. 4.) On September 16, Duchene filed a motion to strike the notice of voluntary dismissal (ECF No. 5) and a motion to transfer venue (ECF No. 6.) Duchene explains that he intended the lawsuit to be filed in the Eastern District of Michigan.

Rule 41(a)(i) allows a plaintiff to voluntarily dismiss an action any time before the opposing party serves its answer or files a motion for summary judgment. This voluntary dismissal is without prejudice, and occurs without a court order; simply filing the notice results in an administrative closing of the lawsuit. Because this case has been administratively closed, the Court interprets the motion to strike as a motion to reopen the case. Finding good cause to do so, the Court **GRANTS** the motion (ECF No. 5), reopens the lawsuit, and strikes the motion to voluntarily dismiss the case.

The complaint contains evidence that Duchene intended it to be filed in the Eastern District of Michigan. The caption names the Eastern District, not the Western District. The complaint alleges that Defendant OnStar's principal place of business is in Detroit, Michigan (ECF No. 1 Compl. ¶ 5), which is located in the Eastern District. Under 28 U.S.C. § 1391(b)(1), venue is proper in the judicial district in

which the defendant resides. For the convenience of the parties and witnesses, in the interests of justice, a civil lawsuit may be transferred from the district where it is pending to any district where it might have been brought. 28 U.S.C. § 1404(a). The Court concludes that Eastern District of Michigan would be a more convenient venue for this lawsuit, as that is where Defendant OnStar is located. Therefore, Duchene's motion to transfer venue (ECF No. 6) is **GRANTED.** This matter is **TRANSFERRED** to the United States District Court for the Eastern District of Michigan.

    **IT IS SO ORDERED.**

Date:  September 22, 2015                  /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge